```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO.: 16-22200-Civ-LENARD
                          CASE NO.: (95-00960-Cr-LENARD)
                          MAGISTRATE JUDGE PATRICK A. WHITE
```

SALVATORE LEONE,

    Movant,

v.                                            REPORT OF
                                       MAGISTRATE JUDGE
UNITED STATES OF AMERICA,              RECOMMENDING GRANTING
                                       MOTION TO VACATE IN LIGHT
                                       OF JOHNSON v. UNITED STATES
    Respondent.
_____/

## I.  Introduction

The movant, a federal prisoner, currently confined at the Danbury Federal Correctional Institution, in Danbury, Connecticut, has filed this motion to vacate (DE#1), after obtaining authorization from the Eleventh Circuit to file a second or successive Section 2255 motion to vacate, pursuant to 28 U.S.C. §2255.[1] See In re Salvatore Leone, Eleventh Circuit Court of Appeals, Case No. 16-12687-J, Order entered June 15, 2016. Federal Public Defender Michael Caruso appeared on behalf of the movant and filed an amended complaint. (DE#5). The government has filed a response wherein it does not oppose the movant's petition seeking to correct his sentence pursuant to 28 U.S.C. §2255. (DE# 7). Federal Public Defender Caruso and AUSA Shack have also submitted a joint stipulation. (DE# 8).

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C);

---

[1] The 11th Circuit's order and the movant's application are construed as a motion to vacate.

S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla. Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

Upon review of the motion, and construing the arguments contained therein, the movant claims he no longer qualifies for an enhanced sentence under the Armed Career Criminal Act in light of the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2563 (2015)(finding that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."). The government provides the following in its response:

> 1. In both the Application and Amended Motion to Vacate, Leone is seeking relief in accordance with Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2251 (2015). In Johnson, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague. Id. The Supreme Court in Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (2016), held that the Johnson decision applies retroactively to cases on collateral review. Leone's ACCA claim is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of Johnson v. United States, 135 S. Ct. 2551 (2015), which was decided on June 26, 2015. See Dodd v. United States, 545 U.S. 353, 357 (2005).
>
> 2. A conviction for violating section 922(g)(1) ordinarily exposes the offender to a statu-tory maximum sentence of ten years of imprisonment. See 18 U.S.C. § 924(a)(2). If, however, the offender has at least three prior convictions for a "violent felony" or a "serious drug offense," then the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. 924(e), requires a minimum sentence of 15 years of imprisonment and permits a maximum sentence of life imprisonment. See Logan v. United States, 552 U.S. 23, 26 (2007); Custis v. United States, 511 U.S. 485, 487 (1994). In addition, the Sentencing Guidelines include enhancements to an armed career criminal's offense level and criminal history category. See U.S.S.G. § 4B1.4.

2

3. The ACCA defines a "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. 924(e)(2)(B). Subsection (i) is known as the elements clause. The first half of subsection (ii) ("is burglary, arson, or extortion, involves use of explosives") is known as the enumerated-crimes clause. The second half of subsection (ii) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is known as the residual clause, and is no longer used. See Johnson, 135 S. Ct. at 2556.

4. As discussed above, a person convicted of being a felon in possession of firearms and ammunition under 18 U.S.C. § 922(g) is an armed career criminal if he has three prior convictions for a "violent felony" or a "serious drug offense." Leone contests some of his prior convictions, which he claims are not enumerated crimes under the ACCA.

5. At the time of his offense, Leone had been convicted of: (1) Florida sale, purchase, or delivery of cocaine; (2) New York attempted sale of cocaine in the fifth degree; (3) Florida obstruction of justice; (4) Florida grand theft; (5) Florida criminal mischief; and (6) Florida burglary. The United States concedes that Leone had been convicted of at most two qualifying predicate offenses under the ACCA. Specifically, the Florida drug conviction qualifies as a "serious drug offense," and, while Florida obstruction may qualify as a "violent crime," the sentencing record lacks sufficient Shepard Doc-uments2 to support Leone's obstruction as a violent felony. The remaining convictions do not qualify as either a "serious drug offense" or a "violent crime."

6. The New York drug offense does not qualify as a "serious drug offense" because the maximum term of imprisonment for a fifth degree felony in New York is 7 years. Florida grand theft and Florida criminal mischief are not enumerated qualifying crimes under the ACCA and are not categorically violent felonies. Furthermore, the United States agrees that Florida burglary is not generic burglary and, in light of the Supreme Court's recent

3

decision in Mathis v. United States, 579 U. S. ____ (2016), the Florida burglary statute is not divisible, thereby precluding application of the modified categorical approach. Therefore, the United States concedes that Leone's prior convictions for Florida burglary do not qualify as violent felonies under the ACCA.

7. Although Leone has procedurally defaulted on his vagueness challenge by failing to raise it at sentencing and on appeal, see United States v. Frady, 456 U.S. 152, 167-68 (1982), the United States has made a considered decision not to raise a procedural default defense and that affirmative waiver removes that defense from this case. Cf. Wood v. Milyard, 132 S. Ct. 1826, 1833 n.5, 1835 (2012) (district court abuses its discretion by considering a statute of limitations defense that has been affirmatively waived, as opposed to merely forfeited).

8. Section 2255(b) states that "[i]f the court finds . . . . that the sentence imposed was not authorized by law, . . . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him . . . or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). In this case, Leone qualifies for immediate release, as he has served the statutory maximum of 10 years' imprisonment under 18 U.S.C. § 924(a)(2). The United States and Leone accordingly will file forthwith a joint motion with the Court, stipulating to the conditions of Leone's release.

9. WHEREFORE, the United States concedes that under these particular circumstances, Leone has not been convicted of three offenses that qualify as either a serious drug offense or a violent crime under the ACCA and his sentence should be vacated.

(DE# 7). Federal Public Defender Caruso and AUSA Shack have also submitted a joint stipulation which provides as follows:

> Currently, Mr. Leone has served over 20 years in prison - much more than what the non-ACCA-enhanced statutory maximum permits (i.e. 10 years or 120 months).
>
> In order to expedite consideration of this matter,

>  the parties jointly stipulate that:
>
>> A. Mr. Leone and the United States waive their rights to object to an amended non-ACCA-enhanced PSI prepared by Probation and Pretrial Services; and
>
>> B. Mr. Leone and the United States waive their rights to request a resentencing hearing and jointly request that the Court enter an Amended Judgment and issue an Order correcting Mr. Leone's sentence to reflect 120 months, which represents the statutory maximum for 18 U.S.C. § 922(g) with credit time served. The parties request that the Court include a notation with directions for expedited processing by the Bureau of Prisons and the United States Marshal's Service due to Mr. Leone's eligibility for immediate release as he has already served over 20 years. This joint stipulation is filed in good faith and will not cause undue delay.

(DE# 8).

## II. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be GRANTED, that, consistent with the joint stipulation, the sentence be vacated, and the court enter an Amended Judgment and issue an Order correcting the movant's sentence to reflect 120 months. It is also recommended that the court include a notation with directions for expedited processing due to the movant's eligibility for immediate release. It is further recommended that no certificate of appealability issue herein, and that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this <u>30th</u> day of June, 2016.

                                                UNITED STATES MAGISTRATE JUDGE

cc: Salvatore Leone
    49261-004
    Danbury
    Federal Correctional Institution
    Inmate Mail/Parcels
    Route 37
    Danbury, CT 06811
    PRO SE

    Michael Caruso
    Federal Public Defender's Office
    150 W Flagler Street
    Miami, FL 33130-1556
    Email: michael_caruso@fd.org

    Brian Jay Shack
    United States Attorney's Office
    99 N.E. 4th Street
    Office 630
    Miami, FL 33132
    Email: brian.shack@usdoj.gov

    Betty Rodriguez, Courtroom Deputy