## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22200-CIV-LENARD/WHITE
(Criminal Case No. 95-00960-Cr-Lenard)

**SALVATORE LEONE,**

Movant,

**v.**

**UNITED STATES OF AMERICA,**

Respondent.

_____/

## SUA SPONTE NON-FINAL ORDER DISMISSING WITHOUT PREJUDICE MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (D.E. 5)

**THIS CAUSE** is before the Court on Movant Salvatore Leone's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion," D.E. 5), filed June 24, 2016. This is Leone's second Motion under Section 2255. See Leone v. United States, Case No. 00-03831-Civ-Lenard (S.D. Fla. filed Oct. 11, 2000). Magistrate Judge Patrick A. White issued a Report and Recommendation, ("Report," D.E. 11), on June 30, 2016, recommending that the Court grant Movant's Motion. For the reasons stated herein, the Court dismisses Movant's Motion to Vacate and rejects the Report as moot.

## I.    Introduction

In November of 1996, Movant was adjudicated guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See United States v. Leone, 95-00960-Cr-Lenard (S.D. Fla. Nov. 6, 1996). The Court sentenced Movant under the

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to 327 months' imprisonment, to be followed by five years of supervised release.  See id.

An individual adjudicated guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g) is subject to a maximum sentence of ten years' imprisonment.  18 U.S.C. § 924(a)(2).  However, if the defendant has three prior convictions for a "violent felony or a serious drug offense," the ACCA enhances the sentence to a mandatory minimum fifteen years' imprisonment.  18 U.S.C. § 924(e)(1).  The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).  Subsection (i) is referred to as the "elements clause"; subsection (ii)'s first nine words are referred to as the "enumerated clause"; and subsection (ii)'s final thirteen words are referred to as the "residual clause."  See In re Rogers, __ F.3d __, 2016 WL 3362057, at *1 (11th Cir. 2016).

In Johnson v. United States, the United States Supreme Court held that the ACCA's residual clause is unconstitutionally vague.  135 S. Ct. 2551, 2563 (2015).  In Welch v. United States, the Supreme Court held that Johnson announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.  136 S. Ct. 1257, 1268 (2016).

2

Movant argues that after the Supreme Court's decision in <u>Johnson</u>, he no longer qualifies for an ACCA enhancement.  (Mot. at 2.)  Accordingly, he seeks an Amended Judgment imposing a sentence of 120 months' imprisonment, which would entitle him to immediate release.  (Joint Stipulation, D.E. 8 at 2.)

## II.    Background

On June 10, 1996, a jury found Movant guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  <u>See</u> <u>United States v. Leone</u>, 95-00960-Cr-Lenard, D.E. 87 (S.D. Fla. June 10, 1996) (hereafter "95-00960-Cr-Lenard, [Docket Entry] (Date)").  The United States Probation Office issued a Presentence Investigation Report ("PSI") listing twenty-one prior convictions[1] and recommending that Movant

---

[1]     At the time of sentencing, Movant had the following prior convictions (date represents date of conviction):

1. Attempted Criminal Sale of a Controlled Substance, Fifth Degree (N.Y.) (3/4/1983);
2. Burglary of Structure (9/11/1989);
3. Grand Theft – Third Degree (9/11/1989);
4. Sale, Purchase or Delivery of Controlled Substance: Cocaine (9/11/1989);
5. Burglary of an Unoccupied Structure (9/11/1989);
6. Burglary of a Structure (9/11/1989);
7. Grand Theft – Third Degree (9/11/1989);
8. Burglary of a Structure (9/11/1989);
9. Petit Theft (9/11/1989);
10. Burglary of a Structure (9/11/1989);
11. Obstructing Justice (9/11/1989);
12. Burglary of an Unoccupied Dwelling (9/11/1989);
13. Burglary of an Unoccupied Structure (3/17/1992);
14. Possession of Burglary Tools (3/17/1992);
15. Burglary of an Unoccupied Structure (3/17/1992);
16. Possession of Burglary Tools (3/17/1992);
17. Grand Theft – Third Degree (3/17/1992);
18. Grand Theft Motor Vehicle (3/17/1992);
19. Burglary of an Unoccupied Structure (3/17/1992);
20. Burglary of an Unoccupied Structure (3/17/1992);
21. Criminal Mischief Over $1,000 (3/17/1992); and

receive a sentence enhancement pursuant to the ACCA, 18 U.S.C. § 924(e).[2]  Movant filed objections to the PSI in which he conceded that his prior burglary convictions "are considered 'violent felonies' under the [ACCA]," but argued that a sentence at the low end of the guidelines range was appropriate.  95-00960-Cr-Lenard, D.E. 96 (Sept. 20, 1996).  Leone objected solely to any upward departure of the guidelines range.[3]  See Tr. of Nov. 1, 1996 Sentencing Hr'g at 3:16-20, 95-00960-Cr-Lenard, D.E. 111 (Mar. 7, 1997).  At the November 1, 1996 sentencing hearing, the Court adopted the factual findings and guideline applications contained in the PSI and sentenced Movant as an armed career criminal pursuant to the ACCA, the PSI, and the governing law to 327 months' imprisonment, to be followed by five years of supervised release.  See id. at 26:4-13, 29:7-9; see also 95-00960-Cr-Lenard, D.E. 106 (Nov. 15, 1996).

---

22. Disorderly Intoxication (Fine 3/2/1995).

[2]     18 U.S.C. § 924(e)(1) provides:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

(Emphasis added.)

[3]     The Government filed a Motion for an Upward Departure arguing that, based on the facts and circumstances of the offense conduct, as well as Leone's criminal history, the Court should depart from the guideline range of 262-327 months' imprisonment to 292-365 months' imprisonment.  95-00960-Cr-Lenard, D.E. 93 (Aug. 30, 1996).  In his Objections, Leone argued against any upward departure of the guidelines range.  95-00960-Cr-Lenard, D.E. 96 (Sept. 20, 1996).

4

On October 11, 2000, Movant filed his first Motion under 28 U.S.C. § 2255.  See Leone v. United States, 00-03831-Civ-Lenard (Oct. 11, 2000) (hereafter "00-03831-Civ-Lenard, [Docket Entry] (Date)").  On December 18, 2000, Movant filed an Amended 2255 Motion challenging the Court's subject matter jurisdiction over his criminal case and alleging ineffective assistance of counsel.  00-03831-Civ-Lenard, D.E. 9 (Dec. 18, 2000).  On August 1, 2002, the Court adopted the Report of Magistrate Judge Charlene Sorrentino and denied Movant's first 2255 Motion.  00-03831-Civ-Lenard, D.E. 16 (Aug. 1, 2002).

After the Supreme Court issued its decision in Welch, 136 S. Ct. at 1257, Movant filed an application under Section 2255(h) seeking permission from the Court of Appeals to file a second or successive 2255 motion.  On June 15, 2016, the Eleventh Circuit Court of Appeals granted Movant's application to file a second or successive 2255 motion, finding that because the district court made no explicit findings at the time of sentencing, Leone had "made a prima facie showing that he has raised a claim that meets the statutory criteria set forth in 28 U.S.C. § 2255[.]"  (D.E. 1 at 9.)

On June 24, 2016, Movant, who is now represented by counsel, filed the instant 2255 Motion.  (D.E. 5.)  In his Motion, Movant argues that the Court enhanced his sentence under the ACCA's residual clause, the Supreme Court in Johnson declared the residual clause to be unconstitutionally vague, and his prior burglary convictions do not qualify as "violent felonies" under the ACCA's "enumerated" or "elements" clauses. (D.E. 5.)  Movant bases his argument on the legal assumption that Descamps v. United States, 133 S. Ct. 2275 (2013) and Mathis v. United States, 136 S. Ct. 2243, 2257 (2016),

5

apply retroactively when determining whether his prior convictions qualify as predicate offenses under the ACCA's elements and enumerated clauses.  (See id. at 5-17.)

On June 29, 2016, the United States filed a response agreeing that Movant's sentence should be vacated.  (D.E. 7.)   Therein, the Government stated that, after Johnson, Movant has at most two qualifying predicate offenses under the ACCA: (1) a Florida conviction for the sale, purchase, or delivery of cocaine that qualifies as a "serious drug offense," and (2) a Florida obstruction of justice conviction that could possibly constitute a "violent felony," although the "sentencing record lacks sufficient Shepard Documents to support Leone's obstruction as a violent felony."   (Id. ¶ 5.) However, the Government agreed that none of the remaining convictions qualify as either a "serious drug offense" or a "violent felony."  (Id.)

Also on June 29, 2016, the Parties filed a Joint Stipulation requesting that the Court grant the Motion and enter an Amended Judgment reflecting a statutory maximum sentence of 120 months' imprisonment, which would entitle Movant to immediate release. (D.E. 8.)  On June 30, 2016, Judge White issued a Report recommending that the Court grant Movant's 2255 Motion, based entirely upon the Government's concession. (D.E. 11.)

Because the Report and the Parties failed to address the discrete issues raised herein, and given the Court's duty to determine whether it has jurisdiction over this matter, see In re Morgan, 717 F.3d 1186, 1193 (11th Cir. 2013) ("The bar on second or successive motions is jurisdictional, so [courts] must determine whether an application to file a second or successive motion is based on a claim involving 'a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. . .'"),  on July 15, 2016, the Court ordered the Parties to file supplemental briefing.  (D.E. 13.)  The Court specifically ordered the Parties to brief "whether the Court should retroactively apply Descamps . . . and Mathis . . . when determining whether the Movant has satisfied the requirements of § 2255(h), and alternatively when considering the merits of his [2255 Motion]."  (Id. at 2.)

On July 20, 2016, Movant filed a supplemental brief in which he continues to argue that the Court must apply Descamps to determine whether the predicate offenses would still qualify for an ACCA enhancement under the elements or enumerated clause. (D.E. 16 at 3-4.)  Movant's supplemental brief did not address whether his convictions would have qualified under the elements or enumerated clause at the time of sentencing if the Court were to find that Descamps and Mathis are inapplicable to the 2255(a) and (h) analyses.

On July 27, 2016, the Government filed a supplemental brief withdrawing its prior concession and opposing Movant's 2255 Motion.   (D.E. 17.)   It now argues that "Descamps and its progeny[] play no role in the District Court's determination as to whether the requirements of Section 2255(h) have been met."  (Id. at 5.)

On August 3, 2016, Movant filed a Reply to the Government's supplemental brief. (D.E. 19.)  He essentially repeats the same argument contained in his own supplemental brief—specifically, that his claims satisfy the requirements of Section 2255(h) because under the Eleventh Circuit's clear/unclear test, see In re Rogers, __ F.3d __, 2016 WL 3362057 (11th Cir. June 17, 2016), it is unclear whether he was sentenced using the

7

ACCA's residual clause.  (Id. at 4-5.)  He argues that because it is unclear whether he was sentenced under the residual clause, Johnson is implicated and "the Court must apply Descamps and current binding precedent to determine whether the predicate offenses would still qualify under" the elements or enumerated clauses.  (Id.)  Movant contends that Descamps should apply because it merely "clarified" precedent that existed at the time of his sentencing – namely Taylor v. United States, 495 U.S. 575, 600-01 (1990).  (Id. at 6.)  Additionally, Movant argues that when the record is silent on which ACCA clause served as the basis for a defendant's enhanced sentence, Supreme Court precedent requires that any ambiguity be resolved in favor of the Movant.  (Id. at 14–16 (citing O'Neal v. McAninch, 513 U.S. 432, 435-36 (1995); Teague v. Lane, 489 U.S. 288, 304 (1989); Gibson v. United States, No. 15-cv-5737, slip op. at 2-4 (W.D. Wash. June 15, 2016).)  Movant also contends that the Eleventh Circuit's published order in In re Moore, __ F.3d __, 2016 WL 4010433, at *3 – 4 (11th Cir. July 27, 2016) is unpersuasive dicta; and that the Court should adopt the approach suggested by the panel in In re Chance, __ F.3d __, 2016 WL 4123844, at *3-6 (11th Cir. Aug. 2, 2016).  (Id. at 16-20.)

On August 10, 2016, Movant filed a Notice of supplemental authority, to which he attached a Report and Recommendation Judge White filed in a similar case before Judge Moreno, Perez v. United States, Case No. 16-22379-Civ-Moreno (Aug. 9, 2016).  On August 21, 2016, the Government filed a Motion for Leave to File Supplemental Authorities, in which it supplemented its opposition to Leone's 2255 Motion with a citation to Ziglar v. United States, __ F. Supp. 3d __, 2016 WL 4257773 (M.D. Ala. Aug.

11, 2016).  ("Motion for Leave," D.E. 21 at 1.)  On August 23, 2016, the Court granted the Motion for Leave.  (D.E. 24.)

## III.    Legal Standard

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  However, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain" either:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  28 U.S.C. § 2244(b)(3)(C).

The Court of Appeals' determination is limited.  See Jordan v. Sec'y, Dep't of Corrs., 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that the court of appeals' determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).  If the Court of Appeals' authorizes the applicant to file a second or successive 2255 Motion, "'[t]he district court is to decide

the [§ 2255(h)] issue[s] fresh, or in the legal vernacular, <u>de novo</u>.'"  <u>In re Moss</u>, 703 F.3d

1301, 1303 (11th Cir. 2013) (quoting <u>Jordan</u>, 485 F.3d at 1358).  Only if the district court

concludes that the applicant has established the statutory requirements for filing a second

or successive motion will it "proceed to consider the merits of the motion, along with any

defenses and arguments the respondent may raise."  <u>Id.</u>

## IV.   Discussion[4]

For Movant to be entitled under 28 U.S.C. § 2255(h) to file a second or successive

2255 Motion, he must allege that the motion contains a <u>Johnson</u> issue—specifically, that

the Court enhanced his sentence using the ACCA's now-voided residual clause.

As currently pleaded, Movant's <u>Johnson</u> claim is inextricably intertwined with

<u>Descamps</u> and <u>Mathis</u>.  Specifically, he argues that the Court relied upon his prior Florida

burglary convictions to enhance his sentence under the ACCA, and after <u>Descamps</u>, a

Florida burglary conviction does not qualify as a predicate offense under the ACCA's

enumerated clause.  (D.E. 5 at 14-15.)  Movant has not argued that the sentencing record

or the law as it existed on November 1, 1996, establishes that he was sentenced under the

residual clause in violation of <u>Johnson</u>.

Consequently, this case presents the threshold question of whether the Supreme

Court's decisions in <u>Descamps</u>, 133 S. Ct. 2275 (2013), and <u>Mathis</u>, 136 S. Ct. 2243

---

[4]      Judge White's Report and Recommendation is based entirely on the Parties' Joint
Stipulation that Movant does not have three prior convictions for violent felonies and/or serious
drug offenses such that he is subject to an enhanced sentence under the ACCA.  (Report at 2-4.)
However, the Government has since withdrawn its concession and now opposes the Motion.
(<u>See</u> D.E. 17.)  Accordingly, the Court will address the issues presented without deference to
Judge White's Report, which has essentially been mooted by the Government's opposition.

(2016), should be applied retroactively, or is Movant limited to the law as it existed at the time of sentencing. Because Movant relies on <u>Descamps</u> and <u>Mathis</u> to establish that he was unlawfully sentenced under the ACCA, the Court must decide this threshold question first.

      **a.**     **The Road to <u>Descamps</u> and <u>Mathis</u>**

<u>Descamps</u> and <u>Mathis</u> are two opinions in a long line of Supreme Court decisions that have developed the framework for applying the ACCA's sentencing enhancement. Beginning with <u>Taylor v. United States</u>, 495 U.S. 575, 602 (1990), and in subsequent decisions including <u>Shepard v. United States</u>, 544 U.S. 13 (2005), the Supreme Court has instructed how district courts should determine whether a defendant's prior conviction qualifies as a predicate offense under the ACCA.

In <u>Taylor</u>, the Supreme Court first explained how courts should determine what constitutes a violent felony under the ACCA's enumerated clause. 495 U.S. 575. As a general rule, <u>Taylor</u> adopted the "formal categorical approach" which directs sentencing courts to look only at the elements of the defendant's offenses of conviction and not the "particular facts underlying those convictions." <u>Id.</u> at 600. This approach requires the sentencing court to compare the elements of the defendant's prior crimes with the elements of the "generic" ACCA crime. <u>Id.</u> at 599. If the elements of the offense of conviction match (or are narrower than) the elements of the generic version of the crime, then the conviction "categorically" qualifies as a predicate offense under the ACCA's enumerated offense clause. <u>Id.</u> at 599 (holding that a person has been convicted of burglary for purposes of a Section 924(e) enhancement if he is convicted of any crime,

regardless of its exact definition or label, having the basic elements of "generic" burglary).[5]

If the prior offense does not categorically qualify as a predicate offense under the ACCA because the offense of conviction is broader than the generic crime, Taylor explained that the sentencing court may go beyond the elements of the offense and look to whether "the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant."  495 U.S. at 602. This later became known as the "modified categorical approach," which the Supreme Court expanded in Shepard, 544 U.S. at 26.[6]

In Shepard, the Supreme Court held that, in addition to the charging papers and jury instructions, sentencing courts could look at "the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" when determining whether the defendant had been convicted of a generic offense of the ACCA's enumerated clause.  544 U.S. at 26.  After this decision, courts routinely utilized "Shepard documents" when deciding whether defendants were

---

[5]    "Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598 (citations omitted).

[6]    However, even before Shepard the Eleventh Circuit held that district courts can consider information in the presentence investigation report to determine whether a defendant's prior burglary convictions under a non-generic burglary statute constituted "generic" burglary for purposes of applying the ACCA enhancement.  See United States v. Adams, 91 F.3d 114, 116 (11th Cir. 1996).  In Adams, the information contained in the PSI about the defendant's prior burglary convictions established that they were, in fact, generic burglaries under Taylor "and therefore those burglaries were properly counted for purposes of the § 924(e) enhancement." Id.

convicted of generic offenses or broader offenses that would not qualify under the ACCA. Subsequent decisions of the Eleventh Circuit held that any uncontested facts contained in a defendant's presentence investigation report are deemed admitted and therefore may be used to determine whether a defendant has a prior conviction for a generic offense subject to the ACCA. See, e.g., United States v. Bennett, 472 F.3d 825, 833–34 (11th Cir. 2006) ("Bennett failed to object to the facts of his prior convictions as contained in his PSI and addendum to the PSI despite several opportunities to do so; thus, he is deemed to have admitted those facts. . . . the district court did not err in relying on the undisputed facts in Bennett's PSI to determine that his prior convictions were violent felonies under the ACCA and, therefore, that he was an armed career criminal.").

In 2013, the Supreme Court held that the modified categorical approach is only available when the statute of conviction contains "divisible" elements which require the jury to make a finding in the alternative:

> [T]he modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute. The modified approach thus acts not as an exception, but instead as a tool. It retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime. And it preserves the categorical approach's basic method: comparing those elements with the generic offense's. All the modified approach adds is a mechanism for making that comparison when a statute lists multiple, alternative elements, and so effectively creates several different . . . crimes.

Descamps, 133 S. Ct. at 2285. Descamps made clear that the modified categorical approach does not apply to an overbroad statute, but only to a statute that defines the crime alternatively with "one statutory phrase corresponding to the generic crime and another not." Id. at 2286. This distinction between "divisible" and "non-divisible"

13

statutes is critical when determining whether a defendant's prior convictions may now qualify under the ACCA.

Recently, in Mathis, the Supreme Court further clarified the applicability of the modified categorical approach.[7]  136 S. Ct. at 2249.  In Mathis, the Court recognized the distinction between "elements" and "means."  136 S. Ct. at 2249 ("This case concerns a different kind of alternatively phrased law: not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element.").  Mathis clarified that the modified categorical approach does not apply when the statute lists "diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense."  Id. at 2249.

Here, Movant argues that under Descamps and Mathis, Florida's burglary statute is non-generic and indivisible, and therefore cannot be a predicate offense under the ACCA's enumerated clause.  (See D.E. 19 at 1 n.1.)  This of course assumes that Descamps and Mathis apply retroactively, because before Descamps, the law did not draw a distinction between divisible and indivisible statutes.  Before addressing the retroactivity question, the Court will put the issue in its historical perspective and examine the principles of collateral relief.

---

[7]      In Mathis, the Court held that Iowa's burglary statute was indivisible because it criminalized the unlawful entry of "any building, structure, or land, water or air vehicle."  Id. at 2250.  The Court noted that "those listed locations are not alternative elements, going toward the creation of separate crimes.  To the contrary, they lay out alternative ways of satisfying a single locational element."  Id.

### b.     Collateral Proceedings & General Principles of Retroactivity

"Historically, post-conviction challenges to federal convictions were properly brought by petition for writ of habeas corpus." Bridges v. Vasquez, 151 F. Supp. 2d 1353, 1357 (N.D. Fla. 2001). "Congress changed this approach dramatically with the adoption in 1948 of 28 U.S.C. § 2255." Id. (citing United States v. Hayman, 342 U.S. 205 (1952)). In 1996, Congress further restricted the ability of federal prisoners to obtain collateral review by amending Section 2255 to limit the circumstances under which second or successive motions can be filed. Id. In passing the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress expressed its intent that, absent limited circumstances, criminal convictions should remain final. See Day v. McDonough, 547 U.S. 198, 208 (2006) ("The considerations of comity, finality, and the expeditious handling of habeas proceedings . . . motivated AEDPA . . . ."); Williams v. Taylor, 529 U.S. 420, 421 (2000) ("AEDPA's purpose [is] to further comity, finality, and federalism principles."). Congress decided that federal prisoners should be granted a direct appeal and a first 2255 motion (if the motion is filed within one year of the conviction becoming final); but that a second or successive motion may be filed only if a panel of a Court of Appeals determines the motion is based on:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

15

AEDPA codified principles of finality that have long been a part of the American

legal tradition:

> Habeas corpus always has been a collateral remedy, providing an avenue
> for upsetting judgments that have become otherwise final.   It is not
> designed as a substitute for direct review.  The interest in leaving concluded
> litigation in a state of repose, that is, reducing the controversy to a final
> judgment not subject to further judicial revision, may quite legitimately be
> found by those responsible for defining the scope of the writ to outweigh in
> some, many, or most instances the competing interest in re-adjudicating
> convictions according to all legal standards in effect when a habeas petition
> is filed.   Indeed, this interest in finality might well lead to a decision to
> exclude completely certain legal issues, whether or not properly determined
> under the law prevailing at the time of trial, from the cognizance of courts
> administering this collateral remedy.
>
> . . . .
>
> If law, criminal or otherwise, is worth having and enforcing, it must at
> some time provide a definitive answer to the question litigants present or
> else it never provides an answer at all. . . . No one, not criminal defendants,
> not the judicial system, not society as a whole is benefited by a judgment
> providing a man shall tentatively go to jail today, but tomorrow and every
> day thereafter his continued incarceration shall be subject to fresh litigation
> on issues already resolved.
>
> . . . .
>
> [W]hile the case for continually inquiring into the current constitutional
> validity of criminal convictions on collateral attack is not an insubstantial
> one, it is by no means overwhelming.  Most interests such a doctrine would
> serve will be adequately protected by the current rule that all constitutional
> errors not waived or harmless are correctible on habeas and by defining
> such errors according to the law in effect when a conviction became final.
> Those interests not served by this intermediate position are, in my view,
> largely overridden by the interests in finality.

<u>Mackey v. United States</u>, 401 U.S. 667, 682–83, 690–92 (1971) (Harlan, J., concurring).[8]
Justice O'Connor, quoting Justice Harlan with approval, stated that "given the 'broad
scope of constitutional issues cognizable on habeas [it is] sounder, in adjudicating habeas
petitions, generally to apply the law prevailing at the time a conviction became final than
it is to seek to dispose of [habeas] cases on the basis of intervening changes in
constitutional interpretation.'"   <u>Teague v. Lane</u>, 489 U.S. 288, 306 (1989); <u>see also</u> <u>Solem</u>
<u>v. Stumes</u>, 465 U.S. 638, 653 (1984) (Powell, J., concurring in judgment) ("Review on
habeas to determine that the conviction rests upon correct application of the law in effect
at the time of the conviction is all that is required to 'forc[e] trial and appellate courts . . .
to toe the constitutional mark'").   In <u>Teague</u>, a plurality of the Court "laid out the
framework to be used in determining whether a rule announced in one of [the Supreme
Court's] opinions should be applied retroactively to judgments in criminal cases that are
already final."   <u>Mays v. United States</u>, 817 F.3d 728, 734 (11th Cir. 2016) (quoting
<u>Whorton v. Bockting</u>, 549 U.S. 406, 416 (2007)).

   <u>Teague</u> and its progeny created a distinction between an old rule and a new rule.
A new rule is defined as "a rule that ... was not 'dictated by precedent existing at the time
the defendant's conviction became final.'"   <u>Whorton</u>, 549 U.S. at 416 (quoting <u>Saffle v.</u>
<u>Parks</u>, 494 U.S. 484, 488 (1990)).   In contrast, an old rule clarifies precedent that existed
at the time of conviction or sentencing.   <u>Id.</u>; <u>Mays</u>, 817 F.3d at 734.   Writing for a
plurality in <u>Teague</u>, Justice O'Connor concluded that new rules only apply retroactively

---

[8]     Justice Harlan's concurrence applies to both <u>Mackey</u> and <u>Williams v. United</u>
<u>States</u>, 401 U.S. 646 (1971), and is available directly at 91 S. Ct. 1171.

in collateral proceedings in two limited circumstances:  (1) the new rule is substantive[9] or (2) the new rule is a "'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding."  <u>Saffle v. Parks</u>, 494 U.S. 484, 495 (1990) (citing <u>Teague</u>, 489 U.S. at 288).   In contrast, an old rule applies on both direct and collateral review.  <u>Whorton</u>, 549 U.S. at 416 (citing <u>Griffith v. Kentucky</u>, 479 U.S. 314 (1987)).

Between 1990 and 1996, the <u>Teague</u> framework applied to all collateral proceedings.  However in 1996, Congress created narrower, more limited parameters for filing a second or successive 2255 motion.  As discussed, <u>supra</u>, Section 2255(h) requires a panel of the Court of Appeals to certify that the motion involves: (1) newly discovered evidence that would establish that no reasonable fact-finder would have found the movant guilty of the offense, or (2) a new rule of constitutional law made retroactive by the Supreme Court.  These are the only two ways a federal court obtains jurisdiction to consider whether or not to disturb the finality of a criminal judgment challenged by a second or successive 2255 motion.

### c.    Retroactivity of <u>Descamps</u> and <u>Mathis</u>

It is well-established that <u>Descamps</u> – and by extension <u>Mathis</u> – are old rules which apply on direct and collateral review.  <u>Mays</u>, 817 F.3d at 734.  Citing <u>Mays</u>, Movant argues that he is entitled to the benefit of the rules announced in <u>Descamps</u> and

---

[9]      A substantive new rule "includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 352–53 (2004).

<u>Mathis</u>.  However, this argument wholly ignores the distinction Congress made between a first Section 2255 motion and a second or successive Section 2255 motion.  Under AEDPA the basis for a second or successive 2255 motion is governed exclusively by statute.  <u>See</u> 28 U.S.C §§ 2244(b)[10] and 2255(h); <u>see also</u> <u>Gonzalez v. United States</u>, No. CIV. 15-2080 DRD, 2015 WL 1530676, at *2 (D.N.J. Apr. 2, 2015) (citing <u>United States v. Miller</u>, 197 F.3d 644, 649 (3d Cir. 1999) ("Congress enacted the Anti–Terrorism and Effective Death Penalty Act (AEDPA), which severely limits a district court's jurisdiction over second or successive § 2255 motions.").  AEDPA compels the conclusion that <u>Descamps</u> and <u>Mathis</u> are not retroactive for the purposes of a second or successive 2255 because they are not new rules of constitutional law made retroactive by the Supreme Court.[11]

Furthermore, the Eleventh Circuit and several other Circuits have considered the retroactivity of <u>Descamps</u> and concluded that it is non-retroactive for the purposes of a second or successive 2255 motion.[12]  <u>See</u> <u>In re Hires</u>, __ F.3d __, 2016 WL 3342668, at

---

[10]    Section 2244(b)'s formal requirements for filing a second or successive habeas motion mirror § 2255(h)'s requirements.

[11]    Movants filing their first 2255 motion are entitled to the retroactive application of <u>Descamps</u>. <u>See, e.g.</u>, <u>In re Griffin</u>, __ F.3d __, 2016 WL 3002293, at *6 (11th Cir. May 5, 2016).

[12]    Because <u>Mathis</u> is merely an extension of <u>Descamps</u>, it is also an old rule.  The Supreme Court made plain in <u>Mathis</u> that it too was merely a clarification of the Court's ACCA precedent – including <u>Taylor</u> and <u>Descamps</u>:

> Our precedents make this a straightforward case.  For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements.  Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense.  They may not ask whether the

*5 (11th Cir. June 15, 2016) (<u>Descamps</u> is "not retroactive for purposes of a second or successive § 2255 motion."); <u>In re Griffin</u>, __ F.3d __, 2016 WL 3002293, at *6 (11th Cir. May 25, 2016) (same); <u>In re Thomas</u>, __ F.3d __, 2016 WL 3000325, at *3 (11th Cir. May 25, 2016) (same); <u>see also</u> <u>Ezell v. United States</u>, 778 F.3d 762, 763 (9th Cir. 2015) (holding that Descamps is not a new rule of constitutional law made retroactive by the Supreme Court and therefore it may not serve as the basis of a second or successive 2255 motion); <u>In re Jackson</u>, 776 F.3d 292, 296 (5th Cir. 2015) (holding that the Supreme Court has not made <u>Descamps</u> retroactive and that <u>Descamps</u> cannot serve as the basis of a second or successive § 2255 motion).  In <u>Hires</u>, the Eleventh Circuit further clarified that, "what matters [] is whether, <u>at sentencing</u>, [the Defendant's] prior convictions qualified pursuant to the residual clause, which would render his sentence subject to successive § 2255 challenge under <u>Johnson</u>, or pursuant to the elements clause, which would not."  2016 WL 3342668, at *5; <u>see also</u> <u>In re Moore</u>, 2016 WL 4010433, at *2 ("Whether <u>at the time of his September 2005 sentencing hearing</u> any of Moore's other felony convictions qualified as violent felonies within the statutory meaning is a matter we leave to the district court in the first instance.") (emphasis added).  The <u>Hires</u> panel also stated that <u>Descamps</u> cannot be used to "re-litigate whether a prior [predicate

_____

> defendant's conduct—his particular means of committing the crime—falls within the generic definition.  And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

<u>Mathis</u>, 136 S. Ct. at 2257.  Therefore, <u>Mathis</u>, like <u>Descamps</u>, is not retroactive for the purposes of a second or successive 2255 motion.

offense]" qualifies under the elements or enumerated clauses and that a movant's sentence could be affirmed even if the predicate offenses "would [not] count were [the defendant] being sentenced today." Id.

Additionally, the Eleventh Circuit has granted 2255(h) applications authorizing second or successive 2255 motions under Johnson in cases where, as here, the sentencing judge made no explicit findings as to the ACCA, see, e.g., In re Adams, __ F.3d __, 2016 WL 3269704, at *3 (11th Cir. June 15, 2016); and presumably it would grant 2255(h) applications where the sentencing court explicitly relied on the residual clause, see In re Chance, 2016 WL 4123844, at *4 (11th Cir. Aug. 2, 2016) (noting that 2255 relief would be granted in "the rare instances where the sentencing judge thought to make clear that she relied on the residual clause"). However, the Eleventh Circuit has denied such applications where the sentencing judge explicitly relied on the enumerated or elements clause. See, e.g., In re Thomas, 2016 WL 3000325 at *3; see also United States v. Evans, No. 03-0120-WS, 2016 WL 3211428, at *2 (S.D. Ala. June 9, 2016) (noting that the Eleventh Circuit denied 2255(h) applications where the district judge explicitly relied on the enumerated or elements clauses of the ACCA at the time of sentencing). These decisions therefore support the conclusion that Descamps and Mathis should not be applied retroactively to determine whether a movant has been sentenced under the residual clause.

Based on the law of the Eleventh Circuit, the longstanding jurisprudence regarding the importance of the finality of criminal judgments and the language of 2255(h) which clearly sets forth the strict limitations Congress established for filing a second or

successive motion, the Court finds that <u>Descamps</u> and <u>Mathis</u> should not be applied in this case.  Other than the new rule made retroactive by the Supreme Court (i.e., <u>Johnson</u>), the Court must apply the law as it existed at the time of sentencing to determine whether the Movant's sentence was enhanced under the ACCA's residual clause.[13]   See <u>Ziglar v.</u>

---

[13]      In his Reply brief, (D.E. 19 at 9), Movant cites <u>United States v. Ladwig</u>, __ F. Supp. 3d __, 2016 WL 3619640, at *2 (E.D. Wash. June 28, 2016), in support of his argument that <u>Descamps</u> and <u>Mathis</u> apply retroactively to <u>Johnson</u> claims.  <u>Ladwig</u> cites <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 371–72 (1993), for the proposition that: "there is existing precedent for applying current case law when determining whether a constitutional error was harmless in the context of a motion under 28 U.S.C. § 2255."  <u>Ladwig</u>, 2016 WL 3619640, at *5.  However, <u>Lockhart</u> does not support <u>Ladwig</u>'s broad-sweeping conclusion.  <u>Lockhart</u> was decided on a state prisoner's first 2254 motion – not a second or successive 2255 motion – and it did not involve the retroactive application of a new or old rule of law announced by the Supreme Court. 506 U.S. at 364.  These distinctions alone show that the <u>Ladwig</u> court overstated <u>Lockhart</u>'s significance in resolving the question at hand: whether <u>Descamps</u> and <u>Mathis</u> apply retroactively to a second or successive 2255 motion.  The <u>Ladwig</u> court broadened <u>Lockhart</u>'s narrow holding to reach its conclusion.

The <u>Lockhart</u> Court began by reaffirming the principle that the performance prong of <u>Strickland</u> should be analyzed using the law as it existed at the time the alleged deficiency occurred.  <u>Lockhart</u>, 506 U.S. at 371.  The Court then considered how lower courts should approach <u>Strickland</u>'s prejudice prong.  In <u>Lockhart</u>, the movant argued that he was prejudiced because his attorney failed to argue that his death sentence was unconstitutional because it was based on an aggravating factor that duplicated an element of the underlying felony.  This rule of law was established by the Eighth Circuit in <u>Collins v. Lockhart</u>, 754 F.2d 258, 261 (8th Cir. 1985) and governed courts in the Eighth Circuit when Lockhart was sentenced.  However, <u>Collins</u> was subsequently overruled which forced the lower courts to determine whether to rely on <u>Collins</u> when ruling on Lockhart's 2254 motion.  On appeal, the Supreme Court held that a movant cannot satisfy <u>Strickland</u>'s prejudice prong based on an argument that is "wholly meritless under current governing law, even if the [Movant's] objection might have been considered meritorious at the time of its omission."  <u>Lockhart</u>, 506 U.S. at 374 (O'Connor, J., concurring).  Chief Justice Rehnquist, writing for the majority, summarized the Court's holding with this Latin phrase: "*Cessante ratione legis, cessat et ipsa lex*" *(translated as: The reason for a law ceasing, the law itself ceases)* and noted that its decision was in harmony with the <u>Teague</u> framework and the well-established principle that the finality of criminal judgments should be preserved except in extraordinary circumstances. <u>Id.</u> at 373.  Therefore, <u>Lockhart</u> does not support the general proposition that habeas motions should be judged based on the law at the time the motion is considered.

This Court does not find the reasoning in <u>Ladwig</u> to be persuasive – particularly because the decision disregards the statutory limits placed on federal courts by Congress in § 2255(h).

United States, __ F. Supp. 3d __, 2016 WL 4257773, at *7 (M.D. Ala. 2016) (concluding that the movant could not rely on Descamps to establish a Johnson claim for purposes of satisfying Section 2255(h)(2)'s requirements, and dismissing a second or successive 2255 motion because at the time the movant was sentenced his prior convictions for third-degree burglary qualified as violent felonies under the ACCA's enumerated clause).

### d.    Section 2255(h)'s Gatekeeping function

As the Eleventh Circuit has noted, this Court must determine, as an initial matter, whether the Section 2255(h) applicant "was sentenced under the residual clause [at the time of sentencing], whether the new rule in Johnson is implicated as the [applicant's] third predicate conviction, and whether the [] 'applicant has established the [§ 2255(h)] statutory requirements for filing a second or successive motion.'" In re Moore, __ F.3d __, 2016 WL 4010433, at *1 (11th Cir. July 27, 2016).  Here, the only argument Movant advances is that he was sentenced under the residual clause if Descamps applies retroactively.  Because it does not, Movant has failed to demonstrate that he was "sentenced under the residual clause."  Accordingly, his Section 2255(h) application to file a second or successive motion must be dismissed for lack of jurisdiction.

## V.    Conclusion

The Court finds that the intent of Congress in passing AEDPA combined with a faithful application of Section 2255(h) and over half a century of legal precedent that has espoused the importance of the finality of criminal judgments supports the conclusion that Descamps and Mathis do not apply retroactively to second or successive Section 2255 motions.  Because Descamps may not be applied retroactively to establish a pure

23

Johnson claim, Movant has failed to demonstrate entitlement to relief.   However, the Court will permit the Movant to amend his 2255 Motion to show that the sentencing record or controlling law (as it existed at the time of sentencing) establishes that he was sentenced under the residual clause in violation of Johnson.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.      Movant's Motion under 28 U.S.C. § 2255 is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

2.      Movant shall have fourteen days from the date of this Order to file an Amended 2255 Motion which states a pure Johnson claim;[14]

3.      If Movant files an Amended 2255 Motion, the Government shall have ten days to respond and Movant shall have seven days to reply;

4.      If Movant chooses not to file an Amended 2255 Motion, he may file a Motion requesting entry of a final order of dismissal; and

5.      The Report and Recommendation is moot based on the subsequent developments in this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of August, 2016.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

[14]      See Mederos v. United States, 218 F.3d 1252 (11th Cir. 2000) (permitting amended 2255 motion to relate back to date of original filing).  Alternatively, if Movant's amended 2255 motion may not relate back to the original filing, the Court conditions the dismissal of Movant's original Motion on his ability to file an amended pleading nunc pro tunc.