# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22200-CIV-LENARD/WHITE
(Criminal Case No. 95-00960-Cr-Lenard)

**SALVATORE LEONE,**

      Movant,

**v.**

**UNITED STATES OF AMERICA,**

      Respondent.

_____/

**OMNIBUS ORDER DENYING MOVANT'S MOTION TO RECONSIDER (D.E. 27); GRANTING MOVANT'S REQUEST FOR A FINAL ORDER OF DISMISSAL (D.E. 27); ADOPTING AND SUPPLEMENTING THE COURT'S PRIOR NON-FINAL ORDER (D.E. 25); DISMISSING PURSUANT TO 28 U.S.C. § 2255(h) OR, ALTERNATIVELY, DENYING PURSUANT TO 28 U.S.C. § 2255(a) MOVANT'S MOTION TO VACATE (D.E. 5) AND AMENDED MOTION TO VACATE (D.E. 27)[1]; DENYING A CERTIFICATE OF APPEALABILITY, AND CLOSING CASE**

**THIS CAUSE** is before the Court on Movant Salvatore Leone's Motion to Reconsider, or, in the Alternative, Request for Final Order of Dismissal and Certificate of Appealability, ("Motion," D.E. 27), which the Court construes, in part, as an Amended Motion to Vacate pursuant to 28 U.S.C. § 2255.[2]  The United States filed a Response on September 7, 2016, ("Response," D.E. 28), to which Movant did not Reply.  Upon review of the Motion, Response, and the record, the Court finds as follows.

---

[1]    Movant's Motion to Reconsider (D.E. 27) contains a new argument not previously addressed by the Court.  The Court construes the new argument as an Amended Motion to Vacate pursuant to 28 U.S.C. § 2255.

[2]    See supra Note 1.

## I.    Relevant Background

In November of 1996, Movant was adjudicated guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  See United States v. Leone, 95-00960-Cr-Lenard (S.D. Fla. Nov. 6, 1996).  The United States Probation Office issued a Presentence Investigation Report ("PSI") listing twenty-two prior convictions[3] and recommending that Movant receive a sentence enhancement pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Based on information contained in the PSI, the Government filed a Motion for Upward Departure.  95-00960-Cr-Lenard, D.E. 93 (S.D. Fla. Aug. 30, 1996).  Movant filed "objections" to the PSI in which he conceded that his prior burglary convictions "are considered 'violent felonies' under the

---

[3]    At the time of sentencing, Movant had the following prior convictions (date represents date of conviction):

1.  Attempted Criminal Sale of a Controlled Substance, Fifth Degree (N.Y.) (3/4/1983);
2.  Burglary of Structure (9/11/1989);
3.  Grand Theft – Third Degree (9/11/1989);
4.  Sale, Purchase or Delivery of Controlled Substance: Cocaine (9/11/1989);
5.  Burglary of an Unoccupied Structure (9/11/1989);
6.  Burglary of a Structure (9/11/1989);
7.  Grand Theft – Third Degree (9/11/1989);
8.  Burglary of a Structure (9/11/1989);
9.  Petit Theft (9/11/1989);
10. Burglary of a Structure (9/11/1989);
11. Obstructing Justice (9/11/1989);
12. Burglary of an Unoccupied Dwelling (9/11/1989);
13. Burglary of an Unoccupied Structure (3/17/1992);
14. Possession of Burglary Tools (3/17/1992);
15. Burglary of an Unoccupied Structure (3/17/1992);
16. Possession of Burglary Tools (3/17/1992);
17. Grand Theft – Third Degree (3/17/1992);
18. Grand Theft Motor Vehicle (3/17/1992);
19. Burglary of an Unoccupied Structure (3/17/1992);
20. Burglary of an Unoccupied Structure (3/17/1992);
21. Criminal Mischief Over $1,000 (3/17/1992); and
22. Disorderly Intoxication (Fine 3/2/1995).

[ACCA]," but argued that a sentence at the low end of the guidelines range was appropriate.  95-00960-Cr-Lenard, D.E. 96 (Sept. 20, 1996).  Leone objected solely to any upward departure of the guidelines range.[4]  See Tr. of Nov. 1, 1996 Sentencing Hr'g at 3:16-20, 95-00960-Cr-Lenard, D.E. 111 (Mar. 7, 1997).  At the November 1, 1996 sentencing hearing, the Court sustained Movant's objection, denied the Motion for upward departure, adopted the factual findings and guideline applications contained in the PSI, and sentenced Movant within the guidelines.[5]  See id. at 26:4-13, 29:7-9; see also 95-00960-Cr-Lenard, D.E. 106 (Nov. 15, 1996).

In Johnson v. United States, the United States Supreme Court held that the ACCA's residual clause is unconstitutionally vague.  135 S. Ct. 2551, 2563 (2015).  In Welch v. United States, the Supreme Court held that Johnson announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.  136 S. Ct. 1257, 1268 (2016).

After the Supreme Court issued its decision in Welch, 136 S. Ct. at 1257, Movant filed an application under 28 U.S.C. § 2255(h) seeking permission from the Court of

---

[4]    The PSI contained a section entitled "Factors that May Warrant a Departure," and the Government filed a Motion for an Upward Departure, 95-00960-Cr-Lenard, D.E. 93, arguing that, based on the facts and circumstances of the offense conduct, as well as Leone's criminal history, the Court should depart from the guideline range of 262-327 months' imprisonment to 292-365 months' imprisonment.  95-00960-Cr-Lenard, D.E. 93 (Aug. 30, 1996).  In his Objections, Leone argued against any upward departure of the guidelines range.  95-00960-Cr-Lenard, D.E. 96 (Sept. 20, 1996).

[5]    Based on a Total Offense Level of 34 and a criminal history category of VI, Movant's guideline imprisonment range was 262 to 327 months' imprisonment.  (PSR ¶ 69.)  The Court imposed a sentence of 327 months' imprisonment, to be followed by five years of supervised release.  Tr. of Nov. 1, 1996 Sentencing Hr'g at 29:7-9.

Appeals to file a second or successive 2255 motion.[6]  On June 15, 2016, the Eleventh Circuit Court of Appeals granted Movant's application to file a second or successive 2255 motion, finding that because the district court made no explicit findings at the time of sentencing, Leone had "made a prima facie showing that he has raised a claim that meets the statutory criteria set forth in 28 U.S.C. § 2255[.]"  (D.E. 1 at 9.)

On June 24, 2016, Movant, who is now represented by counsel, filed his second or successive 2255 Motion in this Court.  (See D.E. 5.)  Therein, Movant argued that the Court enhanced his sentence under the ACCA's now-void residual clause, and that his prior burglary convictions do not qualify as "violent felonies" under the ACCA's "enumerated" or "elements" clauses.  (See id.)  Movant based his argument on the legal assumption that Descamps v. United States, 133 S. Ct. 2275 (2013) and Mathis v. United States, 136 S. Ct. 2243, 2257 (2016), apply retroactively when determining whether his prior convictions qualify as predicate offenses under the ACCA's elements and enumerated clauses.  (See id. at 5-17.)

On August 31, 2016, the Court entered a Sua Sponte Non-Final Order Dismissing Without Prejudice Movant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255.[7]

---

[6]      Movant filed his first 2255 Motion on October 11, 2000, see Case No. 00-03831-Civ-Lenard, D.E. 1, and an Amended 2255 Motion on December 18, 2000, Case No. 00-03831-Civ-Lenard, D.E. 9.  The first 2255 Motion (as amended) challenged the Court's subject matter jurisdiction over the criminal case and alleged ineffective assistance of counsel.  See id.  The Court denied the first 2255 Motion (as amended) on August 1, 2002.  Case No. 00-03831-Civ-Lenard, D.E. 16.

[7]      See Leone v. United States, __ F. Supp. 3d __, 2016 WL 4479390 (S.D. Fla. Aug. 24, 2016).

("Non-Final Order," D.E. 25.)  The Court concluded that <u>Descamps</u> and <u>Mathis</u> did not apply retroactively to second or successive 2255 motions.  (<u>Id.</u> at 21.)

> Other than the new rule made retroactive by the Supreme Court (i.e., <u>Johnson</u>), the Court must apply the law as it existed at the time of sentencing to determine whether the Movant's sentence was enhanced under the ACCA's residual clause.  <u>See Ziglar v. United States</u>, __ F. Supp. 3d __, 2016 WL 4257773, at *7 (M.D. Ala. 2016) . . . . Here, the only argument Movant advances is that he was sentenced under the residual clause if <u>Descamps</u> applies retroactively.  Because it does not, Movant has failed to demonstrate that he was "sentenced under the residual clause." Accordingly, his Section 2255(h) application to file a second or successive motion must be dismissed for lack of jurisdiction.

(<u>Id.</u> at 22-23.)  The Court provided Movant fourteen days to file an Amended 2255 Motion that stated a pure <u>Johnson</u> claim—that is, one that does not rely on the retroactivity of <u>Descamps</u> or <u>Mathis</u>—or to request the entry of a final order of dismissal. (<u>Id.</u> at 24.)

On August 31, 2016, Movant filed the instant Motion for Reconsideration or, alternatively, for a final order of dismissal and a certificate of appealability.  (D.E. 27.)

## II.   Legal Standard

Although Movant does not specify the legal framework under which he seeks reconsideration, Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" certain specified reasons.  Fed. R. Civ. P. 60(b).  Although Rules 60(b)(1) through (5) are inapplicable here, Rule 60(b)(6) is a catch-all provision that permits a court to reconsider an order for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

"Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances." Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1288 (11th Cir. 2000) (citing High v. Zant, 916 F.2d 1507, 1509 (11th Cir. 1990)); see also Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996) ("The vacation of a judgment under Rule 60(b)(6) is an extraordinary remedy."). "To warrant relief under Rule 60(b)(6), not only must Plaintiffs show sufficiently extraordinary circumstances, but also that absent such relief, an extreme and unexpected hardship will result." Doe v. Drummond Co., 782 F.3d 576, 612 (11th Cir. 2015) (citation and internal quotation marks omitted). Additionally:

> The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); See also Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Sussman, 153 F.R.D. at 694. A "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." Z.K. Marine Inc., 808 F. Supp. at 1563. Instead, a motion for reconsideration is appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension . . . . Such problems rarely arise and the motion to reconsider should be equally rare." Z.K. Marine Inc., 808 F. Supp. at 1563 (citing Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); Moog, Inc. v. United States, No. 90–215E, 1991 WL 255371, at *1, 1991 U.S. Dist. Lexis 17348, at *2 (W.D.N.Y. Nov. 21, 1991)).

<u>Burger King Corp. v. Ashland Equities, Inc.</u>, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

## III.   Discussion

Movant argues that the Court should reconsider its Non-Final Order dismissing his Motion for lack of jurisdiction for two reasons.  First, Movant argues that by requiring him to demonstrate that he was sentenced under the ACCA's residual clause in order to satisfy 28 U.S.C. § 2255(h), the Court held Movant to a higher standard than the one elucidated by the Eleventh Circuit in <u>In re Adams</u>, 825 F.3d 1283 (11th Cir. 2016) and <u>In re Rogers</u>, 825 F.3d 1335 (11th Cir. 2016), i.e., the "clear or unclear" test.  (Mot. at 1-2.)  Second, he argues that the record establishes that he <u>was</u> sentenced under the ACCA's residual clause, citing to a statement the Assistant U.S. Attorney made at his sentencing hearing.  (<u>Id.</u> at 2-3.)  The Court rejects these arguments.

### a.   The Court applied the correct legal standard.

First, Movant argues that by requiring him to establish that he was sentenced under the ACCA's residual clause, the Court applied an incorrect standard in its Non-Final Order.  (Mot. at 1.)  He argues instead that the Court is bound by the "clear or unclear" test elucidated by the Eleventh Circuit in <u>In re Rogers</u>, which "turns on the sentencing court's findings and on-point binding precedent regarding whether a particular crime categorically qualifies under a still-valid ACCA clause offense (precedent that includes <u>Descamps</u>)."  825 F.3d at 1339-40.  Under that test:

> When neither the sentencing court's finding on which ACCA clause or clauses applied nor binding on-point precedent forecloses an applicant's assertion that his sentence arose under the ACCA's residual clause, we look

to Descamps "to ensure we apply the correct meaning of the ACCA's words." Adams, 825 F.3d at 1286. And at this point, unless post-Descamps binding precedent clearly resolves the residual clause ambiguity the applicant has demonstrated, his application "contain[s]" a Johnson claim such that his application is due to be granted. See 28 U.S.C. § 2255(h).

Id. at 1340. Applying this test, Movant argues that: (1) it is unclear whether the sentencing court relied on the residual clause when applying the ACCA enhancement and, therefore, the Court can look to Descamps; (2) under Descamps, the Court must look only to the "'the statutory definitions'—i.e., the elements—of a defendant's prior offenses, and not' to the particular facts underlying those convictions[,]'" 133 S. Ct. at 2283 (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)); (3) Florida's burglary statute is non-generic and therefore a conviction under that statute cannot be an ACCA predicate offense under the enumerated clause; (4) Florida burglary is not an ACCA predicate offense under the elements clause; and therefore (5) applying Descamps retroactively establishes that his sentence was enhanced under the now-void residual clause. (See D.E. 5 at 5-17.)

However, as explained in Ziglar, __ F. Supp. 3d at __, 2016 WL 4257773, at *12, the position advocated by Movant appears "hopelessly irreconcilable" with the holdings of the Eleventh Circuit in In re Thomas, 823 F.3d 1345 (11th Cir. 2016), In re Griffin, 823 F.3d 1350 (11th Cir. 2016), and In re Hires, 825 F.3d 1297 (11th Cir. 2016). In those cases, the Eleventh Circuit denied applications for leave to file a second or successive 2255 motion on the grounds that Descamps does not apply retroactively "for purposes of a second or successive § 2255 motion." In re Hires, 825 F.3d at 1303. This is because

"Descamps is a rule of statutory interpretation, not constitutional law."  In re Griffin, 823

F.3d at 1356 (citing Ezell v. United States, 778 F.3d 762, 763 (9th Cir. 2015) ("[T]he the

Supreme Court did not announce a new rule of constitutional law in Descamps.  Rather, it

clarified—as a matter of statutory interpretation—application of the ACCA in light of

existing precedent."), cert. denied, __ U.S. __, 136 S. Ct. 256, 193 L. Ed. 2d 212 (2015);

In re Jackson, 776 F.3d 292, 296 (5th Cir. 2015) ("Nothing in Descamps indicates that its

holding announced a new rule that was constitutionally based, and Descamps did not

announce that its holding applied retroactively to cases on collateral review."); see also

Mays v. United States, 817 F.3d 728, 734 (11th Cir. 2016) ("As the Supreme Court and

other circuits have recognized, Descamps did not announce a new rule—its holding

merely clarified existing precedent.") (citations omitted).   As such, the applicants in

Thomas, Griffin, and Hires failed to make a prima facie showing that their second or

successive 2255 motions contained "a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, that was previously unavailable."  28

U.S.C. § 2255(h)(2) (emphasis added).

    This Court is bound by the holdings in Thomas, Griffin, and Hires.[8]  Because

Descamps is "not retroactive for purposes of a second or successive § 2255 motion[,]" In

---

[8]        This conclusion is confirmed by the "the firmly established rule of this Circuit
that each succeeding panel is bound by the holding of the first panel to address an issue of law,
unless and until that holding is overruled en banc, or by the Supreme Court."  United States v.
Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993) (en banc); see also United States v. Golden, __
F.3d __, 2017 WL 343523, at *1 (11th Cir. Jan. 24, 2017).   "[P]ublished three-judge orders
issued under § 2244(b) are binding precedent in our circuit."  In re Lambrix, 776 F.3d 789, 794
(11th Cir. 2015).  The Eleventh Circuit held that Descamps is not retroactive for purposes of a
second or successive 2255 Motion on May 25, 2016.  In re Thomas, 823 F.3d at 1349; In re

re Hires, 825 F.3d at 1303; In re Griffin, 823 F.3d at 1356; In re Thomas, 823 F.3d at 1349; In re Jackson, 776 F.3d at 296; Ezell, 778 F.3d at 763; the Court agrees with Ziglar that the "clear or unclear" test enunciated in Rogers is "dicta or, at the very least, consists of pronouncements that are only applicable to the circuit's prima facie showing analysis and not to the district court's de novo review." __ F. Supp. 3d at __, 2016 WL 4257773, at *12. Accordingly, the Court finds that Movant is not entitled to reconsideration of the Court's Non-Final Order on the grounds that the Court applied an incorrect standard.

By requiring Movant to show that he was sentenced under the residual clause, the Court applied the correct standard. As the Eleventh Circuit stated in In re Hires, "what matters here is whether, at sentencing, [Movant's] prior convictions qualified pursuant to the residual clause, which would render his sentence subject to successive § 2255 challenge under Johnson, or pursuant to the elements clause, which would not." 825 F.3d at 1303.

At least five of Movant's burglary convictions qualified as ACCA predicates under the "enumerated" clause at the time of sentencing. In Taylor v. United States, the Supreme Court held "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." 495 U.S. 575, 602 (1990). The Court defined "generic burglary" as "having the basic elements of

---

Griffin, 823 F.3d at 1356. The Eleventh Circuit did not elucidate the "clear or unclear" test until June 17, 2016. In re Rogers, 825 F.3d at 1340.

unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599.  At the time Movant was convicted of burglary, Florida law defined the offense as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." Fla. Stat. § 810.02 (1989). Florida law further defined "structure" as "a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof."  Fla. Stat. § 810.011(1) (1989).  Because Florida burglary could be committed by entering the curtilage of a building or structure, it did not qualify as generic burglary.  James v. United States, 550 U.S. 192, 212 (2007).  However, that does not resolve whether the Court could have utilized the modified categorical approach to determine that Movant's burglary convictions qualified as a generic offense under the ACCA's enumerated clause.

At the time of Movant's sentencing in November 1996, the law in the Eleventh Circuit permitted the sentencing court to consider the information in the presentence investigation report to determine whether a defendant's prior burglary convictions under a non-generic burglary statute constituted "generic" burglary for purposes of applying the ACCA enhancement under the enumerated clause.  See United States v. Adams, 91 F.3d 114, 116 (11th Cir. 1996).  In Adams, the Eleventh Circuit adopted the position of the First, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuit Courts of Appeal and held that, post-Taylor, "the government may use some means, other than a jury instruction, to establish that the prior conviction resulted from a generic burglary."  Id.  The Eleventh Circuit further held that information contained in the defendant's PSI regarding the his

11

prior burglary convictions established that they were, in fact, generic burglaries under Taylor "and therefore those burglaries were properly counted for purposes of the § 924(e) enhancement."[9]  Id.

Here, too, Movant's PSI unequivocally establishes that at least three of his prior convictions for burglary under Florida law constitute "generic" burglary for purposes of the ACCA's enumerated clause.  "Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."  Taylor, 495 U.S. at 598 (citations omitted).  As described in the PSI, Movant's prior convictions for Florida burglary include (but are not limited to):

a.  [First ACCA predicate: April 19, 1989—Burglary of a Dwelling]

According to the arrest affidavit, the defendant . . . was observed via a surveillance camera exiting an apartment located at 9678 Fontainbleau Blvd. Apartment #408.  The defendant took a television and a V.C.R. and fled the scene with [a co-defendant]. . . .

On May 22, an information was filed . . . charging the defendant with (Count One) Burglary of Structure and (Count Two) Grand Theft-Third Degree.  On September 11, 1989, the defendant entered a plea of nolo

---

[9]  In several subsequent opinions, the Eleventh Circuit has reaffirmed that a district court may consult a defendant's presentence investigation report to determine whether prior burglary convictions constitute "generic" burglary under Taylor.  See United States v. Braun, 801 F.3d 1301, 1306 (11th Cir. 2015) ("This court has substantial precedent on the use of a Presentence Report in determining whether a prior conviction constitutes a violent felony under the ACCA."); United States v. Jones, 608 F. App'x 822, 829 (11th Cir. 2015) ("We have never held that it is error to rely on undisputed PSR facts in making the ACCA determination, and therefore, the district court did not commit plain error by doing so."); United States v. Bennett, 472 F.3d 825, 834 (11th Cir. 2006) ("[T]he district court did not err in relying on the undisputed facts in Bennett's PSI to determine that his prior convictions were violent felonies under the ACCA and, therefore, that he was an armed career criminal."); United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (finding no error where a defendant's sentence was enhanced based on facts in the PSR to which the defendant did not object at sentencing).

contendere.  He was adjudicated guilty as to each Counts One and Two. (PSI ¶ 30.)

b.  [Second, third, and fourth ACCA predicates: June 23, 1989—Burglary of Structure offenses]

On July 23, 1989, the defendant, using the name John Christopher Meinke, was found hiding in the northeast room at For Kids Sake located at 1933 NE 163rd Street.  The burglar alarm to the business had been activated.   Investigation revealed that the defendant had burglarized the business at the upper part of the east wall in order to gain entry into 1925 NE 163rd Street (Sangs Chinese Food) and broke a hole in the upper part of the east wall to gain entry into 1931 NW [sic] 163rd Street (Edgepark Surgical, Inc.) and then broke in to the above business.  In all three businesses, the defendant placed money and property into bags. . . .

On July 14, 1989, . . . an information was filed charging the defendant with (Count One) Burglary of Structure (Count Two), Grand Theft-Third Degree (Count Three) Burglary of Structure, (Count Four) Petit Theft (Count Five) Burglary of Structure, and (Count Six) Obstructing Justice.  On September 11, 1989, the defendant entered a plea of nolo contendere, he was adjudicated guilty and sentenced as to Counts One, Two, Three, Four, Five and Six . . . .  (PSI ¶ 33.)

The ACCA's sentence enhancement applies when a defendant has three prior drug or violent felony offenses that were "committed on occasions different from one another[.]" 18 U.S.C. § 924(e)(1).  Offenses may be "committed on occasions different from one another" even if they are charged in the same indictment.  See United States v. Greene, 810 F.2d 999, 1000 (11th Cir. 1986).[10]

---

[10]   In subsequent opinions, the Eleventh Circuit has reaffirmed that the ACCA enhancement applies when two or more prior convictions "arose out of a separate and distinct 'criminal episode[,]'" even if they are charged in the same indictment.  United States v. Pope, 132 F.3d 684, 689 (11th Cir. 1998) (citing United States v. Greene, 810 F.2d 999, 1000 (11th Cir. 1986)).  In Pope, the Eleventh Circuit held that when two or more predicate offenses occurred in close temporal and physical proximity to one another, "'successful' completion of one crime plus a subsequent conscious decision to commit another crime makes that second

Here, the Court finds that the three separate burglary offenses committed on June 23, 1989 were committed on occasions different from one another for purposes of Section 924(e)(1). The PSI indicates that Movant burglarized three separate businesses by breaking through walls to gain entry into the adjacent business. (See PSI ¶ 33.) "In all three businesses, the defendant placed money and property into bags." (Id.) These burglaries were "committed on occasions different from one another."[11] 18 U.S.C. § 924(e)(1).

In addition to the four offenses described above—the April 19, 1989 burglary and the three separate burglaries that occurred on June 23, 1989—Movant's PSI revealed the following burglary convictions:

---

crime distinct from the first for the purposes of the ACCA." Id. at 692. "[S]o long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." Id.

In fact, the Eleventh Circuit has held that where, as here, burglaries of adjacent businesses in a single strip mall occur in succession, the offenses count as separate predicate offenses for purposes of the ACCA enhancement. See United States v. Smallwood, 641 F. App'x 911, 913 (11th Cir. 2016). In Smallwood, the defendant and an accomplice, during a single trip to a strip mall, burglarized two fast food restaurants that were located directly adjacent to each other in the strip mall. Id. at 912. The district court noted that the burglaries were committed in "immediate succession," but concluded that they were not "committed on occasions different from one another" for purposes of the ACCA sentencing enhancement. Id. The Eleventh Circuit reversed because the burglaries were committed in succession, rather than simultaneously. Id. at 913. "Although the restaurants were in extremely close proximity to each other and Smallwood committed one burglary 'immediately' after the other, the critical fact is that he committed the burglaries in succession." Id. Thus, the Eleventh Circuit held that the two burglaries were "committed on occasions different from one another." Id.

Here, as in Smallwood, the three burglaries that occurred on June 23, 1989 occurred in succession, not simultaneously, and were therefore "committed on occasions different from one another." See id.

[11]  However, even if the three burglaries that occurred on June 23, 1989 were not deemed to be committed on occasions different from one another—i.e., if the June 23, 1989 burglaries were deemed to constitute a single ACCA predicate offense—Movant still has at least five prior convictions for violent felonies that trigger the ACCA enhancement. (See PSI ¶¶ 30, 33, 35-36, 38.)

c. [Fifth ACCA predicate: March 24, 1991—Burglary-Unoccupied]

According to the arrest affidavit, on March 24, 1991, the defendant was observed by Officer Galvez walking inside a closed shopping center located at Flagler and 103rd Court. The defendant then stopped behind a large truck and proceeded to urinate. The defendant then broke the lower horizontal glass window at 10362 West Flagler Street and gained entry. The defendant was observed inside the business office searching. The defendant then ran west inside the cleaners while holding a large red pipe wrench into the bathroom. The defendant kept running inside the business trying to hide. The defendant finally raised his hands, surrendered, and crawled out of the same window from which he had gained entry.

On April 15, 1991, an information was filed in Dade County Circuit Court, charging the defendant with (Count One) Burglary-Unoccupied and (Count Two) Possession of Burglary Tools. On March 17, 1992, the defendant entered a plea of nolo contendere as to Counts One and Two. The defendant was sentenced to 364 days, . . . (PSI ¶ 35.)

d. [Sixth ACCA predicate: June 24, 1991—Burglary-Unoccupied]

According to the arrest affidavit, on June 24, 1991, officers were flagged down by an anonymous citizen who reported that a white male wearing a blue tee shirt was smashing a grocery door at the corner of 23rd street and Collins Avenue. An officer rushed to the scene and observed that a glass door had been smashed and was wide open. The defendant, Salvatore Leone, who was wearing a blue tee shirt, was seen entering a red Subaru which was being driven by the co-defendant, Jerry Aguilar. An officer followed the defendant and co-defendant around the block and pulled them over at 23rd Street and Collins Avenue. Both defendants exited the vehicle and were apprehended by the officer. A subsequent search of the vehicle revealed a large number of lottery tickets, a crowbar, a mallet, a BB rifle, a walkie talkie, duct tape and a second crowbar.

On July 15, 1991, an information was filed in Dade County Circuit Court charging the defendant with (Count One) Burglary-Unoccupied, (Count Two) Possession of Burglar Tools, and (Count Three) Grand Theft-Third Degree. On March 17, 1992, the defendant entered a plea of nolo contendere, he was adjudicated guilty and he was sentenced to serve 364 days . . . . (PSI ¶ 36.)

e. [Seventh ACCA predicate: September 29, 1991—Burglary-Unoccupied]

According to the arrest affidavit, on September 29, 1991, officers arrived in reference to an alarm at 6661 South Dixie Highway (Canton Restaurant) and observed a U-Haul truck backed up in front of the business. The glass front door was smashed and co-defendant Patrick Robert Jamieson was crouched down in the passenger seat of the truck. The co-defendant was taken into custody. The officers heard banging noises from inside the business. A search of the premises revealed that the defendant, Salvatore Leone, was hiding in the kitchen area. The alarm box was ripped loose and two rear kitchen doors were partially pried open. The defendant was taken into custody.

On October 17, 1991, an information was filed in Dade County Circuit Court charging the defendant with (Count One) Burglary-Unoccupied and (Count Two) Criminal Mischief over $1,000. On March 17, 1992, the defendant entered a plea of nolo contendere as to each of Counts One and Two, he was adjudicated guilty and sentenced to 364 days . . . . (PSI ¶38.)

Each of these burglary convictions clearly constitutes "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598. Thus, at the time Movant was sentenced, Movant had at least seven prior convictions for "generic" burglary qualifying as ACCA predicates under the enumerated clause.

Because Movant's ACCA predicate convictions qualified under the enumerated clause without regard to the residual clause at the time of sentencing, Adams, 91 F.3d at 116, his Motion fails the 2255(h) analysis. In re Hires, 825 F.3d at 1303-04 ("Because Hires's three prior ACCA predicate convictions qualified under the elements clause without regard to the ACCA's residual clause, Hires's application does not contain a prima facie claim that his sentence was based on the residual clause, or that his sentence

falls within the scope of the substantive ruling in <u>Johnson</u> or that he will benefit from <u>Johnson</u>.").

For these reasons, the Court finds that it applied the correct legal standard and came to the correct legal conclusion in its Non-Final Order, and Movant's Motion to Reconsider must be denied.

**b.    The record does not establish that Movant was sentenced under the residual clause.**

Second, Movant argues—for the first time in his Motion for Reconsideration—that the Sentencing Transcript indicates that his prior burglary convictions were analyzed under the residual clause.  The Court will construe this argument as an amendment to his Motion to Vacate and address whether it satisfies the requirements of 28 U.S.C. § 2255(h).  <u>See</u> <u>In re Moss</u>, 703 F.3d 1301, 1303 (11th Cir. 2013) (citing <u>Jordan v. Sec'y, Dep't of Corrs.</u>, 485 F.3d 1351, 1358 (11th Cir. 2007)).

Movant cites the following exchange that occurred while the Government was advocating for an upward departure:

> MS. MULLENHOFF [The Government]:  . . .  One of the descriptions of his burglary really raised a question with me. . . .  He smashed open the window. . . .With one of the burglaries he smashed open the door and he had burglary tools and that crow bar.  In another one of these he had burglary tools that included a big wrench.
>
> I wonder what would have happened in the course of committing these burglaries if somebody had shown up and encountered him.  He's got this type of weapon.
>
> MR. DOBRINSKY [Defense counsel]:  Judge, that's completely improper.
>
> THE COURT: Sustained.

> MS MULLENHOFF: Why that is considered to be a crime of violence, because the potential for violence is there. . . .

Tr. of Nov. 1, 1996 Sentencing Hr'g at 18:18-25; 19:1-7, 95-00960-Cr-Lenard, D.E. 111 (Mar. 7, 1997).  Movant argues that the Government's "potential for violence" language was invoked to quantify "the 'risk' posed by the 'judicially imagined ordinary case' that was the hallmark and distinguishing feature of residual clause analysis."  (Mot. at 3 (citing <u>Johnson</u>, 135 S. Ct. at 2557-58).)

When considered in its proper context, the quoted language from the sentencing hearing cannot be understood to pertain to the ACCA enhancement because the sentencing hearing involved <u>no</u> discussion of the ACCA enhancement.  Movant conceded that his prior burglary convictions "are considered 'violent felonies' under the Armed Career Criminal Act," 95-00960-Cr-Lenard, D.E. 96 at 1-2 (Nov. 1, 1996), and the Parties did not dispute his Guidelines range, <u>see</u> Tr. of Nov. 1, 1996 Sentencing Hr'g at 3:15-20.

Rather, the only issue in dispute at the sentencing hearing was whether the Court should grant or deny the Government's Motion for Upward Departure:

> THE COURT: Okay.  Let's deal with, first of all, the Presentence Investigation Report.  Other than the paragraphs that talk about the upward departure, which the government has filed the motion and you have responded, are there any other objections to the Presentence Investigation Report?
>
> MR. DOBRINSKY [Defense Counsel]: No your Honor. . . .
>
> THE COURT: Then I guess the best way to proceed is for me to hear from the government in regard to their motion for upward departure. And you can respond, Mr. Dobrinsky.

See id. at 3:20-25; 4:1.  Thereafter, the Government moved for an upward departure from criminal history 6, level 34—the guideline calculation with the ACCA enhancement pursuant to 4B1.4—to a criminal history 6, level 35 "to reflect the extent of his criminal history, the fact that he continues to be a threat to society and his threat, the reality that he is a recidivist."  Id. at 8:24-25; 9:1-2.  Defense counsel opposed the Government's motion and advocated for a sentence at the low end of the Guidelines range.  Id. at 10:17-25; 11:1-8.  The Government replied to defense counsel's argument, and it was during that reply when the Government used the "potential for violence" language.  Id. at 19:7. The statement had nothing to do with the ACCA enhancement and everything to do with the Motion for Upward Departure.  In the end, the Court adopted the factual findings and guidelines applications contained in the PSI, denied the request for upward departure, and sentenced Movant at the high end of the guidelines range.  (Id. at 35:7-9.)

Even if the Court accepted Movant's argument that the Government was advocating for a sentencing enhancement under the ACCA's residual clause when it made the "potential for violence" statement, the Government's statement pertained to only two of Movant's burglary convictions—those of March 24, 1991, when Movant was caught with a pipe wrench, (PSI ¶ 35), and June 24, 1991, when Movant was caught with two crowbars, (PSI ¶ 36).  See Tr. of Nov. 1, 1996 Sentencing Hr'g at 18:18-25.  Movant had at least five other burglary convictions that constituted "generic" burglary for purposes of the ACCA's enumerated clause without regard to the residual clause.  (PSI ¶¶ 30, 33, 38.)

Regardless, the Court finds that the Government's "potential for violence" statement is not evidence that the Court used the residual clause to enhance Movant's sentence. The record establishes that Movant admitted that his prior burglary convictions constituted "violent felonies" under the ACCA. 95-00960-Cr-Lenard, D.E. 96 at 1-2. At the time Movant was sentenced, Eleventh Circuit precedent held that a sentencing court may look to the PSI to determine whether prior burglary convictions constitute "generic" burglary under Taylor. Adams, 91 F.3d at 116. Movant's PSI establishes that seven of his burglary convictions qualified as ACCA predicates under the enumerated clause. Thus, there was no basis for the Court to rely on the residual clause.

Because seven of Movant's "prior ACCA predicate convictions qualified under the [enumerated] clause without regard to the ACCA's residual clause, [his] application does not contain a prima facie claim that his sentence was based on the residual clause, or that his sentence falls within the scope of the substantive ruling in Johnson or that he will benefit from Johnson." In re Hires, 825 F.3d at 1303-04. For that reason, Movant has failed to carry his burden under 28 U.S.C. § 2255(h), and the Court lacks jurisdiction to entertain the Motion. 28 U.S.C. § 2244(b)(2)(A). Alternatively, and for the same reason, Movant's Motion to Correct Sentence Under 28 U.S.C. § 2255 (D.E. 5) fails on the merits, as he has not proven by a preponderance of the evidence that he was sentenced in violation of the laws or constitution of the United States. See 28 U.S.C. § 2255(a).

**IV.    Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.      Movant's Motion to Reconsider, or, in the Alternative Request for Final

Order of Dismissal and Certificate of Appealability is **GRANTED IN**

**PART AND DENIED IN PART** consistent with this Order and as

follows:

      **a.**      Movant's Motion for Reconsideration is **DENIED;**

      **b.**      Movant's request for a final order of dismissal is **GRANTED**;

      **c.**      The Court's prior Non-Final Order (D.E. 25) is **ADOPTED AS**

         **SUPPLEMENTED** herein as a **FINAL ORDER OF DISMISSAL**;

      **d.**      Movant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255

         (D.E. 5) remains **DISMISSED WITHOUT PREJUDICE** for lack

         of jurisdiction;

      **e.**      Alternatively, Movant's Motion to Correct Sentence Pursuant to 28

         U.S.C. § 2255 (D.E. 5) is **DENIED** on the merits and this case is

         **DISMISSED WITH PREJUDICE**;

      **f.**      Final Judgment will be entered separately;

2.      A Certificate of Appealability **SHALL NOT ISSUE**;[12]

3.      All pending motions are **DENIED AS MOOT**; and

---

[12]      A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, and he is therefore not entitled to a certificate of appealability.

**4.**     This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of February, 2017.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**